Receipt Number
562382

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STACY CAIN,

      Plaintiff,

v

EASTERN MICHIGAN UNIVERSITY,

      Defendant.

Case: 2:07-cv-14131
Assigned To: Borman, Paul D
Referral Judge: Whalen, R. Steven
Filed: 09-28-2007 At 04:24 PM
CMP: CAIN V. EASTERN MI UNIV (NH)

_____/

**HELVESTON & HELVESTON, P.C.**
Mary Anne M. Helveston (P37653)
65 Cadillac Square, Suite 3327
Detroit, Michigan 48226
(313) 963-7220
mhelveston@helveston.com

## COMPLAINT AND JURY DEMAND

NOW COME Plaintiff STACY CAIN, by and through her attorneys, HELVESTON & HELVESTON, P.C., and complains against the defendant as follows:

## INTRODUCTION

1.     This is an action to enforce rights pursuant to Title VII of the Civil Rights Act of 1964 (Title VII) and the Civil Rights Act of 1991(CRA).

## PARTIES AND JURISDICTION

2.     Plaintiff STACY CAIN, a female living in the city of Milan, Country of Washtenaw, State of Michigan was an employee of the Eastern Michigan University, a state university.

3.     Defendant, EASTERN MICHIGAN UNIVERSITY, located in Ypsilanti, Michigan was Plaintiff's employer.

1

4.  The Equal Employment Opportunity Commission issued a Final Agency Decision dismissing Plaintiff's claims on __JULY 3 ,2007_____ 2007 and advised her that she had 90 days to file a claim in Federal Court.

5.  The amount in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest, costs and attorney fees.

## GENERAL ALLEGATIONS

### Statement of Facts

6.  Plaintiff Sgt..STACY CAIN began her employment with Defendant, on July17, 1986 as a police officer for Defendant University in Ypsilanti, Michigan.

7.  Plaintiff was only one of only four or five females in a 25 person police force.

8   Throughout her employment, Ms. Cain always received average or above average performance evaluations.

9.  She was recognized for her high achievement when she won the "Woman of the Year" and the "Gold Medallion Awards.

10. Throughout her tenure at Defendant university, she was singled out, treated differently than her male colleagues and held to higher standards:

   a.  Lower-tenured colleagues at her rank were regularly given more desirable work assignments than she was.

   b.  While her male colleagues were sent for training in areas which would increase their skills, Plaintiff Sgt. Cain was sent to courses designed for employees with poor performance records.

   c.  Chief Cindy Hall frequently assigned her to do personal errands for her.

2

11. On two occasions, she was terminated from her employment but then reinstated:

    a. In 1987, she was terminated for allegedly not supplying a doctor's note during her pregnancy but reinstated prior to arbitration.

    b. In 2000, she was falsely accused of stealing long-distance phone calls but reinstated after an arbitration.

12. Male officers who committed much more egregious misconduct received lesser discipline:

    a. One male was suspended for three days for leaving campus while he was on the job;

    b. Another, who lied about being in court and missing a hearing, received only a written reprimand;

    c. A third, who was off duty and waved a gun in a bar, assaulted Sgt. Cain and attempted to escape when he was being apprehended, was reinstated and promoted after the criminal case was dismissed because EMU had "lost" the gun, which had been locked up in the property room.

13. On July 8, 2006, while on duty on campus, she received a call for back up off campus from the Washtenaw County Sheriff under a mutual aid agreement the county had with Defendant.

14. Although she made a wrong turn on her way there and lost some time, she was told by dispatch to proceed to the scene because she was still needed.

15. Officer Norm Harrington, who was under her command, arrived at the crime scene before Plaintiff and was responsible for contaminating the scene.

16. As soon as Plaintiff arrived, she sent Officer Harrington back to the campus and proceeded to do her job until she was cleared to leave by the incident commander.

17. Plaintiff returned to the west campus area where she took a break at the St. Joseph's Hospital ER, where she remained for about an hour.

18. During the time she was inside the hospital, she remained in contact with dispatch.

19. The following day, she received a letter from her superior, Sgt. Heighes, accusing her of leaving the campus unprotected and ordering an investigation.

20. During the investigation, Plaintiff initially told the investigator that she had not gone inside the ER, since she went there frequently and did not remember that she had gone inside on that day, but corrected herself shortly thereafter.

21. On July 28, 2006, the investigative report was issued with the findings that Plaintiff:

    a. Had made false statements;

    b. Had been insubordinate and negligent;

    c. Had been inattentive to her duty for failing to supervise Harrington.

22. As a result of those findings, Plaintiff was terminated that day.

## COUNT I

### (Sex Discrimination)

23. Plaintiff repeats and realleges paragraphs one (1) through (22), as if set forth more specifically, paragraph by paragraph.

24. Under Title VII of the Civil Rights Act of 1964 "[I]t shall be an unlawful employment practice for an employer…to discriminate against any individual with respect to

4

compensation, the terms, conditions, or privileges of employment because of such individual's sex..." 42 U.S.C. §2000E-2(a)(1).

25. At all times relevant to this Complaint, Plaintiff, a woman, was an employee and Defendant was Plaintiff's employer.

26. As an employer, Defendant owed Plaintiff a duty, pursuant to Title VII, not to discriminate against her with respect to terms, conditions or privileges of employment because of her sex.

27. While employed by the defendant, Plaintiff was subjected to intentional sex discrimination and harassment in violation of Title VII in the following ways:

    a. She was treated differently than similarly situated male police officers.

    b. She received a much more severe discipline than her actions deserved.

    c. She was wrongfully terminated for acts less grievous than actions of other police officers who were not terminated.

## DAMAGES

As a direct and proximate result of Defendant's unlawful employment practices and violations of statutory law, Plaintiff STACY CAIN has sustained and continues to sustain loss of earnings, seniority, promotional opportunities and/or upgrading and the accompanying decision-making responsibilities, professional standing and status in the community and has suffered irreparable harm to her career and upward mobility and the equal opportunity to pursue her gainful occupation and will so suffer in the future.

As a direct and proximate result of Defendant's unlawful employment practices and violations of statutory law, Plaintiff STACY CAIN has sustained and continues to sustain damages by way of extreme mental anguish, outrage, emotional distress, severe anxiety about

her future ability to support herself and family, painful humiliation and embarrassment among friends and co-workers, undermining of self esteem and motivation and loss of the ordinary pleasures of everyday life.

## **RELIEF REQUESTED**

Plaintiff STACY CAIN respectfully requests that this Court order the following legal and equitable relief:

- Declare that Defendant has violated Title VII by denying her rights under that Act.

- Declare that Defendant has violated Title VII by discriminating against her because of her sex.

- Award her compensatory damages, including damages for loss of income, lost benefits and emotional distress.

- Award her costs and attorney fees.

- Award her any and all other relief that this Court deems just.

Respectfully submitted,

HELVESTON & HELVESTON, P.C.

Date *Sept. 28, 2007*

Mary Anne M. Helveston (P37653)
Attorney for Plaintiff
65 Cadillac Square, Ste 3327
Detroit, Mi 48226
(313) 963-7220
mhelveston@helveston.com

6

## JURY DEMAND

Plaintiff, STACY CAIN, by and through her attorneys, hereby demands a trial by jury.

Respectfully Submitted,

HELVESTON & HELVESTON, P.C.

By: _____
Mary Anne M. Helveston (P37653)
Attorney for Plaintiff

Dated: Sept. 28, 2007

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Stacy Cain

## DEFENDANTS
Eastern Michigan University

**(b)** County of Residence of First Listed Plaintiff: Monroe
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Washtenaw
(IN U.S. PLAINTIFF CASES ONLY)

Case: 2:07-cv-14131
Assigned To: Borman, Paul D
Referral Judge: Whalen, R. Steven
Filed: 09-28-2007 At 04:24 PM
CMP: CAIN V. EASTERN MI UNIV (NH)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mary Anne M. Helveston (P37653)
Helveston & Helveston, P.C.
65 Cadillac Square, Suite 3327, Detroit, Michigan 48226

## II. BASIS OF JURISDICTION (Select One Box Only)
☑ 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

## IV. NATURE OF SUIT (Select One Box Only)
☑ 442 Employment

## V. ORIGIN (Select One Box Only)
☑ 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
Brief description of cause: SEX DISCRIMINATION IN EMPLOYMENT

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: ☑ Yes

**DATE:** September 28, 2007

ANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes : _____